UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DALE BAKER,

      Plaintiff,

-vs-                                  Case No. 6:04-cv-1836-Orl-28KRS

THOMAS G. WENSKI AS BISHOP OF
THE DIOCESE OF ORLANDO, His
successors in interest and assigns, A
Corporation Sole,

      Defendant.

## ORDER

This case is before the Court on Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. 15)[1]. Plaintiff filed a response in opposition (Doc. 21). For the reasons set forth below, Defendant's Motion to Dismiss is **DENIED**.

Plaintiff's Amended Complaint alleges Defendant discriminated against her on the basis of age and religion when her contract as a chemistry teacher at Melbourne Central Catholic High School was not renewed. Amended Complaint ¶¶ 1 & 6. Defendant seeks dismissal of Plaintiff's Amended Complaint for lack of subject matter jurisdiction, alleging that the "ministerial exception" precludes review of Plaintiff's claim. The "ministerial exception" is "a principle which has grown out of the Supreme Court's reluctance to interfere

---

[1] On March 2, 2005, Plaintiff's Unopposed Motion to Amend/Correct Complaint was granted (Doc. 25), and Plaintiff filed an Amended Complaint on March 7, 2005 (Doc. 26). On March 22, 2005, Defendant filed a Notice of Renewal of Motion to Dismiss (Doc. 27), noting that the Amended Complaint simply corrected the legal name of the Defendant.

with a church's selection of its clergy." Sanchez v. Catholic Foreign Society of America, 82 F. Supp. 2d 1338, 1343 (M.D. Fla. 1999), citing Gonzalez v. Roman Catholic Archbishop of Manila, 280 U.S. 1, 16 (1929) and Serbian Eastern Orthodox Diocese v. Milivojevich, 426 U.S. 696, 717 (1976). "The ministerial exception precludes civil courts from adjudicating employment discrimination suits between ministers and the church or religious organization employing them." Id. Application of the ministerial exception has been extended beyond members of the clergy. Id. at 1344, citing Rayburn v. General Conference of Seventh-day Adventists, 772 F.2d 1164, 1169 (4th Cir. 1985), cert. den., 478 U.S. 1020 (1986). The Rayburn court found that "[a]s a general rule, if the employee's primary duties consist of teaching, spreading the faith, church governance, supervision of a religious order, or supervision or participation in religious ritual and worship, he or she should be considered 'clergy.'" Rayburn, 772 F.2d at 1169, quoting Bagni, Discrimination in the Name of the Lord: A Critical Evaluation of Discrimination by Religious Organizations, 79 Columbia L. Rev. 1514, 1545 (1979). "This approach necessarily requires a court to determine whether a position is important to the spiritual and pastoral mission of the church." Id.

Urging the Court to dismiss this case, Defendant asserts that "Plaintiff's religious and secular duties are so intertwined and the issues relating to the Diocese's motivation so enmeshed with religious doctrine, that a significant risk of government entanglement in religion exists." Defendant's Motion to Dismiss at p. 13. Plaintiff counters that her primary duty was to teach chemistry, and any "incidental religious duties" do not mitigate the secular nature of her job. Plaintiff's Memorandum in Opposition to Motion to Dismiss at p. 15 - 16.

A motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Slagle v. ITT Hartford, 102 F.3d 494, 497 (11th Cir. 1996). All well-pled allegations of facts are accepted as true and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff. E.g., Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1274 n.1 (11th Cir. 1999). Applying this standard, Defendant's Motion to Dismiss must be denied. Whether the ministerial exception applies in this case requires a factual analysis on more developed record. See DeMarco v. Holy Cross High School, 4 F.3d 166 (2nd Cir. 1993) (allowing ADEA claim by lay teacher against parochial school employer); Geary v. Visitation of the Blessed Virgin Mary, 7 F.3d 324, 331 (3rd Cir. 1993) (application of ADEA to lay faculty of a religious school does not present significant risk of government entanglement in religion).

Accordingly, Defendant's Motion to Dismiss is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 28 day of April, 2005.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party